U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

AUG 2 4 2005

ROBERT H. SHEMWELL, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| TERRY D. TILMON | CIVIL ACTION NO. 00-1524 |
|---|---|
| VERSUS | JUDGE TOM STAGG |
| CITY OF SHREVEPORT, ET AL. | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM ORDER

Before the Court are two motions in limine. See Record Documents 90 & 91. The first motion in limine, filed by the plaintiff, seeks to prohibit and/or restrain the defendants from introducing the "plaintiff's criminal history, prior convictions, and facts or documents surrounding his current conviction." See Record Document 90. The plaintiff's motion in limine also seeks to exclude evidence relating to the plaintiff's prior lawsuits involving conditions of confinement during incarceration. See id.

Federal Rule of Evidence 609 states, in pertinent part:

(a) **General rule.** For the purpose of attacking the credibility of a witness,

> (1) evidence that a witness other than an accused has been convicted of a crime shall be admitted, subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted, and evidence that an accused has been convicted of such a crime shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the

> accused; and
>
> (2) evidence that any witness has been convicted of a crime shall be admitted if it involved dishonesty or false statement, regardless of the punishment.
>
> (b) **Time limit.** Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date, unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect. However, evidence of a conviction more than 10 years old as calculated herein, is not admissible unless the proponent gives to the adverse party sufficient advance written notice of intent to use such evidence to provide the adverse party with a fair opportunity to contest the use of such evidence.

The defendants filed a "Notice of Intent to Introduce Prior Felony Convictions Pursuant to Rule 609(b) of the Federal Rules of Evidence." See Record Document 89. The defendants stated that they intended to "use" four felony convictions at trial:

1. Middle Grade Theft committed on September 19, 1986;
2. Armed Robbery committed on January 31, 1990;
3. Simple Escape committed on February 6, 1990; and
4. Simple Burglary committed on June 26, 1999.

Id. The record evidence indicates that the plaintiff plead guilty to middle grade theft on January 12, 1987 (see Defendant's Trial Ex. 7D); plead guilty to armed robbery on August 20, 1990 (see Defendant's Trial Ex. 7C); plead guilty to simple escape on August 20, 1990 (see Defendant's Trial Ex. 7B); and was found guilty as charged of simple burglary by a jury on January 26, 2001 (see Defendant's Trial Ex. 7A).

2

Under Rule 609(b), the plaintiff's felony convictions from 1987 and 1990 are not admissible "unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect." Here, the Court finds that the interests of justice do not require the admissibility of the 1987 and 1990 felony convictions and the plaintiff's motion <u>in limine</u> to exclude the 1987 and 1990 felony convictions is **GRANTED**. Likewise, the defendants are not permitted to use the plaintiff's adjudication as a third felony habitual offender on August 7, 2002 for impeachment purposes under Rule 609, as the adjudication was based, in part, on the plaintiff's 1987 and 1990 felony convictions.

Conversely, under Rule 609(a), the Court finds that the plaintiff's underlying felony conviction in 2001 for simple burglary is *proper impeachment evidence* in this case. The probative value of the 2001 felony conviction outweighs its prejudicial effect, as the simple burglary conviction is directly related to the incident that is the subject matter of this lawsuit. Accordingly, the plaintiff's motion <u>in limine</u> is **DENIED** as to the 2001 simple burglary felony conviction.[1]

---

[1] In his "Supplemental Motion In Limine," the plaintiff seemingly contends that he was not convicted of simple burglary in 2001. He seems to argue that in 1999, the state court held a probable cause hearing and found "a lack of probable cause to proceed with the charges." The Court finds that this argument is meritless, as the certified minutes of <u>State of Louisiana v. Terry Dale Tilmon</u>, Criminal Action No. 202959, in the First Judicial District Court for the Parish of Caddo, State of Louisiana, clearly indicate that a jury found the plaintiff guilty of simple burglary on January 26, 2001. <u>See</u> Defendant's Trial Exhibit 7A.

Finally, the Court finds that the plaintiff's prior state and federal lawsuits against various law enforcement officials and agencies relating to conditions of incarceration are not relevant. While the defendants argued that such lawsuits are relevant to show the plaintiff's potential bias against law enforcement officials and agencies under Federal Rule of Evidence 607,[2] the Court does not agree. The prior lawsuits deal with issues such as lack of medical care and religious freedom, not claims similar to the excessive force and equal protection claims that are the subject matter of the instant suit. Simply put, the Court finds that the prior lawsuits do not tend to show that the plaintiff may shade his testimony against the defendants. See Ellis v. Capps, 500 F.2d 225, 227 (5th Cir. 1974). Thus, while acknowledging the "broad discretion in determining how and why bias may be proved and what collateral evidence is material to that purpose," the Court finds that the plaintiff's prior lawsuits are not proper collateral evidence of bias. United States v. Landes, 704 F.2d 152, 153 (5th Cir. 1983). Accordingly, the plaintiff's prior lawsuits against law enforcement officials and agencies are inadmissible and the plaintiff's motion in limine to exclude such lawsuits is **GRANTED**.[3]

---

[2]Federal Rule of Evidence 607 states that "the credibility of a witness may be attacked by any party, including the party calling the witness."

[3]The same ruling applies to the plaintiff's lawsuit against an attorney for alleged malpractice (see Defendant's Trial Exhibit 9B), as such lawsuit is not evidence of bias against a party in the instant action and shall be excluded.

4

The second motion in limine, filed by the defendants, seeks to exclude the plaintiff from introducing his tooth at trial. See Record Document 91. The plaintiff contends that the tooth was knocked loose during his June 26, 1999 arrest and that his medical records will support such claim. See Record Document 95. Yet, the plaintiff has failed to present evidence, namely medical records, to the Court indicating that the tooth he recently lost is in any way connected to the June 26, 1999 incident that is the subject matter of this lawsuit. Further, under Federal Rule of Evidence 901(a),[4] the plaintiff has not demonstrated how he intends to authenticate or identify the tooth in question. Accordingly, defendants' motion in limine to exclude the plaintiff from introducing his tooth at trial is **GRANTED**.

Accordingly, the plaintiff's motion in limine (Record Document 90) is **GRANTED IN PART AND DENIED IN PART**, as outlined above, and the defendants' motion in limine (Record Document 91) is **GRANTED**.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this 24th day of August, 2005.

JUDGE TOM STAGG

---

[4] Federal Rule of Evidence 901(a) states that "the requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims."

5